09-2307-ag
Gashi v. Holder

BIA
Bain, IJ
A098 283 805

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

FATMIR GASHI,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

09-2307-ag
NAC

_____

FOR PETITIONER:   Glenn H. Bank, New York, New York.

FOR RESPONDENT:   Michael F. Hertz, Deputy Assistant Attorney General, Civil Division; Carl H. McIntyre, Assistant Director; T. Bo Stanton, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fatmir Gashi, a native of Yugoslavia and a citizen of Kosovo, seeks review of a May 6, 2009, order of the BIA reversing the July 13, 2006, decision of Immigration Judge ("IJ") Terry Bain granting Gashi's application for asylum. *In re Fatmir Gashi*, No. A098 283 805 (B.I.A. May 6, 2009), *rev'g* No. A098 283 805 (Immig. Ct. N.Y. City July 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the decision of the BIA.[1] *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

---

[1]We note, however, that the IJ's decision contains no discussion of the Government's substantial evidence offered to rebut the presumption of future persecution. The IJ stated only, "The Government has not rebutted this presumption."

In its decision, the BIA found that even assuming Gashi had suffered past persecution, any presumption of a likelihood of future persecution had been rebutted. When an applicant for asylum has been found to have suffered past persecution, the presumption of a well-founded fear of future persecution may be rebutted if the BIA finds that there has been a fundamental change in circumstances such that the applicant's life or freedom would no longer be threatened in the country of removal on account of one of the five statutory grounds. 8 C.F.R. §§ 1208.16(b)(1)(i)(A), 1208.13(b)(1)(i)(A). The BIA has elaborated that the presumption may be rebutted if, in the applicant's country, the offending government has been overthrown and no longer wields influence, the new leadership does not "harbor the same animosities as the old," or human rights practices have improved. *See In re N-M-A,* 22 I & N Dec. 312, 320-21 (BIA 1998); *In re O-Z-,* 22 I & N Dec. 23, 26-27 (BIA 1998). We find no error in the agency's conclusion that the government successfully rebutted any presumption of persecution because the background materials and testimony showed that: (1) U.N. and Kosovar forces are "able and willing" to protect the legal rights of Albanians; and (2) Gashi's family remained unharmed in Kosovo. *See Alibasic v.*

-3-

*Mukasey*, 547 F.3d 78, 86-87 (2d Cir. 2008).

As an initial matter, we find unavailing Gashi's assertion that because the BIA agreed with the government's position, it necessarily failed to conduct an independent review of his claims.

Gashi also argues that the BIA's finding regarding changed country conditions in Kosovo is erroneous because the BIA ignored evidence in the record demonstrating that Kosovo continues to suffer from ethnic tension between Serbs and Albanians. However, the BIA did not dispute that ethnic tension continues to plague Kosovo, but noted that most of the violence is now directed at ethnic Serbs and that Kosovar authorities have actively pursued police officers for their roles in the 2004 riots. Moreover, the BIA reasonably found that Gashi's claim of a well-founded fear of future persecution was diminished by the fact that his family members remained in Kosovo unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). In light of these findings, the BIA reasonably determined that the government met its burden of proof.

Although Gashi argues that the BIA placed undue weight on the Department of State country conditions reports, we accord

deference to the agency's evaluation of documentary evidence. *See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 324 (2d Cir. 2006). Gashi's argument that the BIA failed to consider his testimony and documentary evidence is similarly unavailing, as the record does not compellingly suggest that the BIA ignored any material evidence that he submitted in support of his claim. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). To the extent Gashi argues the BIA failed to conduct the requisite minimal level of analysis, we find the BIA's discussion of both Gashi's past persecution and the increased efforts on the part of Kosovar authorities to apprehend those responsible for the 2004 riots sufficient to enable us to conduct our review. *See Alibasic*, 547 F.3d at 86-87.

Finally, Gashi's argument that the BIA violated his due process rights by taking judicial notice of changed country conditions in Kosovo is without merit. The BIA did not take notice of any documents outside the administrative record, but rather determined that the country conditions evidence submitted before the IJ did not demonstrate a basis for an objectively reasonable fear of future persecution. *See* 8 C.F.R. § 1003.1(d)(3); *Alibasic*, 547 F.3d at 85. Because the

-5-

BIA's decision was supported by substantial evidence, inasmuch as Gashi's claim for withholding of removal and CAT relief share the same factual predicate as his claim for asylum, the agency's finding is fatal to those claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk